(January 24, 1898.)

## WISCONSIN MARINE AND FIRE INSURANCE COMPANY v. STATE.

[51 Pac. 983.]

RECOMMENDATORY DECISION PROVIDED BY SECTION 10 OF ARTICLE 5 of CONSTITUTION.—A H. A. & Co. sold and delivered to the state certain hardware and furnishings for the use of the state at the World's Fair, held at Chicago, 1893, which were thereafter sold by the state and the proceeds turned into the state treasury. *Held,* that it would be equitable and just for the legislature to make an appropriation with which to pay said claim, and that this court recommend that it do so.

(Syllabus by the court.)

Original proceeding to procure a decision of this court recommending the legislature to pay the claim.

Wyman & Wyman, for Plaintiff.

No brief filed.

R. E. McFarland, Attorney General, for the State.

No brief filed.

SULLIVAN, C. J.—This suit was brought in this court, under the provisions of section 10, article 5 of the constitution of Idaho, to obtain a recommendatory decision, recommending to the legislature the payment of the claim of the plaintiff. The matter was referred to H. E. McElroy, Esq., to take the evi-

dence, and to report the same, with his findings, to this court. On the return and filing of said report the same was presented to this court on the oral arguments of Frank T. Wyman, Esq., attorney for the plaintiff, and R. E. McFarland, attorney general, on behalf of the state. The facts are substantially as follows: During the World's Fair in Chicago, in 1893, Captain J. M. Wells, commissioner for this state, purchased hardware and furnishings for the use of the state from A. H. Andrews & Co., amounting to $5,090.45, and thereafter paid $1,000 on said account. Thereafter said A. H. Andrews & Co. duly assigned the balance of said account to the plaintiff. Said merchandise was received and used by the state, and thereafter sold, and the proceeds turned into the state treasury. Under these facts, equity and common honesty would dictate that the state ought to pay said claim. We think the legislature is authorized to make an appropriation with which to pay said claim, and this court would most respectfully recommend that it do so.

Huston and Quarles, JJ., concur.